IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRADD M.[1],                              3:18-cv-00081-BR

      Plaintiff,                        OPINION AND ORDER

v.

**Commissioner, Social**
**Security Administration,**

      Defendant.

**GEORGE J. WALL**
825 N.E. 20th Avenue
Suite 330
Portland, OR 97232
(503) 236-0068

      Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

    [1] In the interest of privacy and pursuant to the
recommendation of the Judicial Conference of the United States,
this Opinion and Order uses only the first name and the initial
of the last name of the non-governmental parties.  The same
designation will be used to identify nongovernmental family
members named in this case.

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**HEATHER L. GRIFFITH**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3709

          Attorneys for Defendant


**BROWN, Senior Judge.**

Plaintiff Bradd M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

Plaintiff filed applications for DIB and SSI on July 1, 2014, alleging a disability onset date of May 21, 2011.

Tr. 263-64.[2]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on March 8, 2017, and a supplemental hearing on June 1, 2017.  Tr. 34-56, 57-86.  At the first hearing Plaintiff and a vocational expert (VE) testified.  At the second hearing Plaintiff, a VE, and a medical expert (ME) testified.  Plaintiff was represented by an attorney at both hearings.

The ALJ issued a decision on June 23, 2017, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 15-26.  Pursuant to 20 C.F.R. § 404.984(d) that decision became the final decision of the Commissioner on November 16, 2017, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on April 5, 1967.  Tr. 263.  Plaintiff was 49 years old at the time of the first hearing and 50 years old at the time of the second hearing.  Plaintiff has a high-school education and training as a Certified Nurse Assistant.

---

[2] Citations to the official transcript of record filed by the Commissioner on June 5, 2018, are referred to as "Tr."

Tr. 39.  Plaintiff has past relevant work experience as a telemarketer, fast-food salesperson, and cashier.  Tr. 25.

Plaintiff alleges disability due to HIV, hepatitis C, degenerative disc disease of the spine and knee, post-traumatic stress disorder (PTSD), depression, anxiety, panic disorder, and a history of alcohol abuse.  Tr. 17.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 22-24.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d

881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec.
Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial
evidence is "relevant evidence that a reasonable mind might
accept as adequate to support a conclusion." *Molina,* 674 F.3d.
at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.,* 574
F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla
[of evidence] but less than a preponderance. *Id.* (citing
*Valentine,* 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and
resolving ambiguities. *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th
Cir. 2009). The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Ryan v.
Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record. *Ludwig v. Astrue,* 681 F.3d 1047, 1051 (9th Cir. 2012).

The court may not substitute its judgment for that of the

Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

2006).


## DISABILITY ANALYSIS

## I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the

Commissioner determines the claimant is engaged in substantial

gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648

F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the

Commissioner determines the claimant does not have any medically

severe impairment or combination of impairments.  20 C.F.R.

§§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also*

*Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner

determines the claimant's impairments meet or equal one of the

listed impairments that the Commissioner acknowledges are so

severe as to preclude substantial gainful activity.  20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*,

648 F.3d at 724.  The criteria for the listed impairments, known

as Listings, are enumerated in 20 C.F.R. part 404, subpart P,

appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant

can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his May 21, 2012, amended alleged onset date. Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of HIV, hepatitis C, degenerative disc disease of the spine and knee, PTSD, depression, anxiety, panic disorder, and a history of alcohol abuse. Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 21. The ALJ found Plaintiff has the RFC to perform light work and can occasionally climb, stoop, kneel, crouch, and crawl. Tr. 21. The ALJ also found Plaintiff "must avoid extreme cold and strong vibration" as well as

"concentrated exposure to hazards."  Tr. 21.  The ALJ found
Plaintiff "could perform entry level work in a routine
environment, could have occasional interaction with the public
and coworkers, but no transactional work with the public."
Tr. 21.

At Step Four the ALJ concluded Plaintiff is unable to
perform his past relevant work.  Tr. 24.

At Step Five the ALJ found Plaintiff could perform other
jobs that exist in the national economy.  Tr. 25.  Accordingly,
the ALJ found Plaintiff is not disabled.  Tr. 26.


## DISCUSSION

Plaintiff contends the ALJ erred when he improperly gave
limited weight to the opinion of James Bane, M.D., treating
physician.

**I.    The ALJ did not err when he gave limited weight to
       Dr. Bane's opinion.**

Plaintiff contends the ALJ erred when he gave limited
weight to Dr. Bane's March 5, 2017, opinion.

An ALJ may reject a treating physician's opinion when it is
inconsistent with the opinions of other treating or examining
physicians if the ALJ makes "findings setting forth specific,
legitimate reasons for doing so that are based on substantial

evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957
(9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751
(9th Cir. 1989)). When the medical opinion of a treating
physician is uncontroverted, however, the ALJ must give "clear
and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at
957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

On March 5, 2017, Dr. Bane completed a Physical Capacity
Statement in which he noted he is treating Plaintiff for back
pain, neck pain, HIV, and hepatitis C, all of which Plaintiff
has had since August 2011. Tr. 1900. Dr. Bane noted Plaintiff
"states he can walk 8 blocks." Tr. 1900. Dr. Bane declined to
check any of the boxes setting out Plaintiff's "total capacity
to sit and stand/walk in an 8-hour day." Tr. 1900. Instead
Dr. Bane noted Plaintiff has "difficulty standing + sitting for
prolonged periods." Tr. 1900. Dr. Bane noted Plaintiff "states
[he can lift only] 10 pounds." Tr. 1902. Dr. Bane stated he
was unable to answer (1) how long Plaintiff needs to alternate
positions before sitting, (2) whether Plaintiff needs "to rest
for some period during an 8 hour work day," (3) whether
Plaintiff needs to take unscheduled breaks in an eight-hour work
day, (4) what "the role of stress is in [Plaintiff's]
condition," (5) to what degree Plaintiff can tolerate work
stress, (6) how often Plaintiff's symptoms are severe enough to

interfere with the "attention and concentration needed to perform even simple 2 step work tasks," and (7) whether Plaintiff is "likely to have bad days during a month wherein it would be expected that [his] physical condition . . . would make [him] to be more likely than not to be absent from work." Tr. 1901-03. Dr. Bane did not provide any response to the question whether Plaintiff is a malingerer.

As noted, the ALJ gave Dr. Bane's opinion limited weight. The ALJ noted Dr. Bane's opinion did not "specify many quantifiable limitations and the doctor indicated that the assessment is based on subjective reports." Tr. 23.

The ALJ also noted examining physician Tom Dooley, Psy.D., completed a medical-source statement on April 5, 2017, in which he opined Plaintiff had mild-to-moderate limitations in concentration, persistence, and pace and mild limitations in social functioning. Tr. 1911-12. Dr. Dooley opined Plaintiff's "prognosis for employment [is] guarded to fair contingent on his continued abstinence from substance abuse." Tr. 1909.

Charles Slater, Ph.D., testified at the supplemental hearing that he "see[s] [Plaintiff] as being very functional in a work environment." Tr. 63. Dr. Slater noted Plaintiff's primary issue is anxiety. Dr. Slater opined Plaintiff's ability to understand, to remember, or to apply information is mildly

limited or not limited at all; Plaintiff is mild-to-moderately limited in his ability to interact with others; Plaintiff is moderately limited in concentration, persistence, and pace; and Plaintiff is moderately limited in his ability to adapt or to manage himself.  Tr. 64-65.

In addition, on March 12, 2015, reviewing physician Greg Saue, M.D., completed a physical RFC statement in which he found Plaintiff can frequently lift and/or carry ten pounds and balance; occasionally lift 20 pounds climb, kneel, stoop, crouch, and crawl; stand or walk six hours in an eight-hour work day, and sit six hours in an eight-hour work day.  Tr. 123-24.

The Court concludes on this record that the ALJ did not err when he gave limited weight to Dr. Bane's opinion because he provided clear and convincing reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 8th day of January, 2019.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge